1

2

3

4

5

6

7                           UNITED STATES DISTRICT COURT
                       WESTERN DISTRICT OF WASHINGTON AT SEATTLE

8

MASONRY SECURITY PLAN OF
9    WASHINGTON; BAC LOCAL NO. 1 PENSION          Case No. 2:21-cv-00130
     TRUST; BRICKLAYERS AND TROWEL
10   TRADES INTERNATIONAL PENSION FUND;           COMPLAINT FOR MONETARY
     and INDEPENDENT CONTRACTORS AND              DAMAGES
11   BRICKLAYERS AND ALLIED
     CRAFTWORKERS LOCAL NO. 1
12   APPRENTICE TRAINING TRUST,

13                           Plaintiffs,
             v.
14

ENCORE INTERIORS, INC., a Washington
15   corporation d/b/a ENCORE FINISHES, INC.,

16                           Defendant.

17                              **I. PARTIES**

18          1.1    Plaintiff Masonry Security Plan of Washington ("Masonry Health Trust") is a

19   Taft-Hartley trust fund established to provide one or more employee welfare benefit plans for the

20   participating employees on whose behalf contributions have been paid.  The Masonry Health

21   Trust maintains its principal office in Seattle, King County, Washington.

22          1.2    Plaintiff BAC Local No. 1 Pension Trust ("Masonry Pension Trust") is a Taft-

23   Hartley trust fund established to provide one or more employee pension benefit plans for the

COMPLAINT – 1
2:21-cv-00130

1    participating employees on whose behalf contributions have been paid, and their beneficiaries.

2    The Masonry Pension Trust maintains its principal office in Seattle, King County, Washington.

3          1.3    Plaintiff Bricklayers and Trowel Trades International Pension Fund ("BAC

4    International Pension Trust") is a Taft-Hartley trust fund established to provide pension benefits

5    for the participating employees on whose behalf contributions have been paid, and their

6    beneficiaries.  The BAC International Pension Trust maintains its principal office in Washington,

7    District of Columbia.

8          1.4    Plaintiff Independent Contractors and Bricklayers and Allied Craftworkers Local

9    No. 1 Apprentice Training Trust ("BAC Apprentice Trust") is a Taft-Hartley trust fund

10   established to create and administer one or more apprenticeship and training plans.  The BAC

11   Training Trust maintains its principal office in Seattle, King County, Washington.

12         1.5    The Plaintiffs are commonly known as and referred to collectively as the Masonry

13   Trust Funds.

14         1.6    Defendant Encore Interiors, Inc. ("Encore") is a Washington corporation with its

15   principal place of business in Everett, Snohomish County, Washington.  Upon information and

16   belief, Encore Interiors, Inc. also conducts business using the trade name Encore Finishes, Inc.

17   Encore's owner, Alex Udodik, is also the company's registered agent.  At times relevant, Encore

18   conducted business within this District.

19   ## II. JURISDICTION AND VENUE

20         2.1    This Court has exclusive jurisdiction pursuant to §502(e)(1) of the Employee

21   Retirement Income Security Act of 1974 ("ERISA"), codified at 29 U.S.C. §1132(e)(1).

22         2.2    Venue in this Court is proper pursuant to §502(e)(2) ERISA, codified at 29 U.S.C.

23   §1132(e)(2), and pursuant to agreement between the parties.

BARLOW COUGHRAN
MORALES & JOSEPHSON, P.S.
1325 FOURTH AVENUE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

### III. FACTS

3.1    On November 15, 2018, Alex Udodik, identifying himself as "President" executed a Community Workforce Agreement Letter of Assent on behalf of Encore with the City of Seattle.  The Letter of Assent bound Encore to the written terms and conditions of the City of Seattle Community Workforce Agreement, a master labor agreement (the "CWA"):

> Business Name of Contractor/Subcontractor:
> ENCORE INTERIORS INC. dba Encore Finishes
> Contractor/Subcontractor has been awarded construction work within the scope of the City of Seattle's CWA and hereby agrees to be bound by all its terms and conditions.

3.2    Contemporaneous with signing the CWA Letter of Assent, Mr. Udodik also completed a Pre-Job Conference Form which, among other things, designated Encore's covered workers as members of the Brick Layers and Plasterers crafts.

3.3    The CWA binds signatory contractors to the respective "pension, vacation, health and welfare, apprenticeship and training funds covering workers under this Agreement."

3.4    The Brick Layers and Plasterers crafts, represented by the International Union of Bricklayers & Allied Craftworkers, Local 2 (the "Union"), participates in at least four Taft-Hartley benefit funds: (i) Masonry Security Plan of Washington, a health and welfare fund; (ii) BAC Local No. 1 Pension Trust; (iii) Bricklayers and Trowel Trades International Pension Fund; and (iv) Independent Contractors and Bricklayers and Allied Craftworkers Local No. 1 Apprentice Training Trust.  Signatory contractors such as Encore are obligated to make fringe benefit contributions under ERISA to each of the four trust funds for every hour of covered work performed by the company's employees.

3.5    Encore's obligations under the Masonry Health Trust are set forth in Article IX, Sections 1 – 9 of the Trust Agreement Governing the Masonry Security Plan of Washington,

BARLOW COUGHRAN
MORALES & JOSEPHSON, P.S.
1325 FOURTH AVENUE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

revised and restated effective March 15, 2012, and as amended. Under the Masonry Health Trust, Encore agreed to, among other things:

- Submit its reports on or before the date specified in the underlying collective bargaining agreement (the 15th day of the calendar month following the month in which the contributions are payable);

- Comply with a request to submit any information, data, report or other documents reasonably relevant to and suitable for purposes of administration of the trust, including audits, as requested by the trust funds;

- Payment of liquidated damages of ten percent (10%) on all delinquent contributions, fifteen percent (15%) if suit is filed;

- Payment of interest of twelve percent (12%); and

- Payment of the trust fund's attorney fees, costs of collection, and auditor's fees.

3.6    Encore's obligations under the Masonry Pension Trust are set forth in Article IX, Sections 1 – 9, and Amendment No. 6 of the Trust Agreement Governing a Joint Labor-Management Employee Pension Benefit Trust Fund, dated December 30, 1976, and as amended. Under the Masonry Pension Trust, Encore agreed to, among other things:

- Submit its reports on or before the date specified in the underlying collective bargaining agreement (the 15th day of the calendar month following the month in which the contributions are payable);

- Comply with a request to submit any information, data, report or other documents reasonably relevant to and suitable for purposes of administration of the trust, including audits, as requested by the trust funds;

- Payment of liquidated damages of ten percent (10%) on all delinquent contributions, fifteen percent (15%) if suit is filed;

- Payment of interest of twelve percent (12%); and

- Payment of the trust fund's attorney fees, costs of collection, and auditor's fees.

BARLOW COUGHRAN
MORALES & JOSEPHSON, P.S.
1325 FOURTH AVENUE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

3.7     Encore's obligations under the BAC International Pension Trust are set forth in Article IV, Sections 4.1 – 4.6 of the Restated Agreement and Declaration of Trust of the Bricklayers and Trowel Trades International Pension Fund, effective December 31, 1988, and as amended.  Under the BAC International Pension Trust, Encore agreed to, among other things:

- Submit its reports on or before the date specified in the underlying collective bargaining agreement (the 15th day of the calendar month following the month in which the contributions are payable);

- Comply with a request to submit any information, data, report or other documents reasonably relevant to and suitable for purposes of administration of the trust, including audits, as requested by the trust funds;

- Payment of liquidated damages of twenty percent (20%) or an additional interest charge of fifteen percent (15%) on all delinquent contributions, whichever is higher;

- Payment of interest of fifteen percent (15%) on all delinquent contributions; and

- Payment of the trust fund's attorney fees, costs of collection, and auditor's fees.

3.8     Encore's obligations under the BAC Apprentice Trust are set forth in Article IX, Sections 1 – 9 of the Trust Agreement Governing the Independent Contractors and Bricklayers and Allied Craftworkers Local No. 1 Apprentice Training Trust, dated May 1, 1997, and as amended.  Under the BAC Apprentice Trust, Encore agreed to, among other things:

- Submit its reports on or before the date specified in the underlying collective bargaining agreement (the 15th day of the calendar month following the month in which the contributions are payable);

- Comply with a request to submit any information, data, report or other documents reasonably relevant to and suitable for purposes of administration of the trust, including audits, as requested by the trust funds;

- Payment of liquidated damages of ten percent (10%) on all delinquent contributions, fifteen percent (15%) if suit is filed;

BARLOW COUGHRAN
MORALES & JOSEPHSON, P.S.
1325 FOURTH AVENUE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

- Payment of interest of twelve percent (12%); and

- Payment of the trust fund's attorney fees, costs of collection, and auditor's fees.

3.9    Upon information and belief, following execution of the CWA Letter of Assent, Encore used employees to perform work in the Brick Layers and Plasterers crafts subject to the CWA.  However, Encore did not provide monthly reporting and payment of fringe benefit contributions to the Masonry Trust Funds.

3.10    On July 10, 2019, written demand was made upon Encore for delinquent remittance reports and fringe benefit contributions for the period November 1, 2018 through May 31, 2019.  Encore did not respond to the written demand.

3.11    On September 9, 2019, a second written demand was made upon Encore for delinquent remittance reports and fringe benefit contributions for the period November 1, 2018 through July 31, 2019.  Encore did not respond to the second demand.

3.12    In 2019, in part because of the company's failure to report and pay contributions, Encore was selected for an audit of his payroll and related business records to review whether it had complied with his reporting and payment of fringe benefit contributions to the Masonry Trust Funds.  The audit covered the period November 1, 2018 to present.  Encore did not cooperate with the audit, specifically failing to respond and produce documents requested by the Masonry Trust Funds' auditor.

3.13    Because Encore did not respond, this audit portion of this matter was referred to counsel on September 10, 2019.

3.14    On September 11, 2019, demand was made upon Encore for payroll and related documents so that the auditor could finish the audit report.  Encore did not respond to the written demand.

BARLOW COUGHRAN
MORALES & JOSEPHSON, P.S.
1325 FOURTH AVENUE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

3.15    The Masonry Trust Funds were subsequently able to obtain certified payroll reports for work performed by Encore under the CWA.  According to the certified payroll reports and as the date of this Complaint, Encore owes the Masonry Trust Funds at least $51,610.07, consisting of $40,900.70 in fringe benefit contributions, $4,090.27 in liquidated damages, and $6,619.12 in accrued prejudgment interest due to nonpayment, for the period January 1, 2019 through February 29, 2020.

## IV.  CAUSES OF ACTION

### First Cause of Action
### (Breach of Labor Agreement/Trust Agreement)

4.1    The Masonry Trust Funds reallege each and every allegation contained in ¶¶3.1 – 3.15 above.

4.2    Encore's failure to report and pay fringe benefit contributions to the Masonry Trust Funds constitutes a breach of the terms of the Community Workforce Agreement, to which the Masonry Trust Funds are beneficiaries.  The Masonry Trust Funds allege that each failure to properly report and pay contributions is a breach of the CWA.

4.3    As a result of Encore's breaches of the CWA, the Masonry Trust Funds have been damaged in an amount to be proven at trial, but not less than $51,610.07, plus additional prejudgment interest, attorney fees, and costs of collection.

### Second Cause of Action
### (Violation of ERISA)

4.4    The Masonry Trust Funds reallege each and every allegation contained in ¶¶3.1 – 3.15 above.

4.5    Encore's failure to report and pay fringe benefit contributions constitutes a violation of §503(a)(3), §515 ERISA, codified at 29 U.S.C. §1132(a)(3), §1145.

BARLOW COUGHRAN
MORALES & JOSEPHSON, P.S.
1325 FOURTH AVENUE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

1    4.6    As a result of Encore's violation, the Masonry Trust Funds have been damaged in

2   an amount to be proven at trial, plus ancillary charges including liquidated damages,

3   prejudgment interest, attorney fees, and costs of collection.

### V.  **REQUESTED RELIEF**

5    The Plaintiff Masonry Trust Funds respectfully request the Court grant the following

6   relief:

7    A.    Entry of judgment against Encore, representing delinquent fringe benefit
         contributions under ERISA, liquidated damages, and prejudgment interest in the
8         following amounts for the period January 1, 2019 through February 29, 2020:

9        1.    Delinquent fringe benefit contributions under ERISA in an amount to be
             proven at trial, but not less than $40,900.70;
10
         2.    Liquidated damages under ERISA and the terms of the applicable trust
11            agreements, in an amount to be proven at trial, but not less than $4,090.25;

12       3.    Prejudgment interest under ERISA and the terms of the applicable trust
             agreements, from the date contributions were due to the date of judgment,
13            in an amount to be proven at trial, but not less than $6,619.12.

14   B.    An award of attorney fees of not less than $5,000.00, plus costs of collection, as
        authorized by the trust agreements to which Encore is a party, and as authorized
15        under ERISA;

16   C.    An award of post-judgment interest at the 12% rate specified by the applicable
        trust agreement, and as authorized under ERISA; and

17   D.    Any other such relief under federal law or as is just and equitable.

18

19   Dated: February 1, 2021.          s/  Jeffrey G. Maxwell
                                 Jeffrey G. Maxwell, WSBA #33503
20                               **Barlow Coughran Morales & Josephson, P.S.**
                                 1325 Fourth Avenue, Suite 910
21                               Seattle, Washington  98101
                                 (206) 224-9900 (t)
22                               jeffreym@bcmjlaw.com

23                               Counsel for Plaintiffs
                                 Masonry Trust Funds

COMPLAINT – 8
2:21-cv-00130